MINNA F. LIPPMAN, complainant-appellant,

*v.*

FRANK L. SAMPLE et al., defendants-respondents.

[Submitted May 27th, 1932. Decided October 17th, 1932.]

*Mr. Henry Pass* and *Mr. Louis Bort,* for the appellant.

*Messrs. Wright, Vander Burgh & McCarthy,* for the respondents.

PER CURIAM.

Complainant filed her bill to have certain conveyances of real estate by defendant Frank L. Sample to Sarah E. Merrill and by said Sarah E. Merrill to defendant Elizabeth Sample, wife of Frank L. Sample, thereafter conveyed by Sample and his wife to the defendant C. & S. Holding Corporation of New Jersey, and the transfer of certain certificates of stocks by Frank L. Sample to said Elizabeth Sample, set aside as fraudulent as against complainant, a judgment creditor of Frank L. Sample. Undoubtedly, the making of these transfers divested the defendant Frank L. Sample of all of his property both real and personal.

The transfers of stock were made in 1924, at which time Sample was the owner of five tracts of land, valued at many thousands of dollars. The defendant was not rendered insolvent by the transfers of stock, and the vice-chancellor properly held that, in the absence of actual intent to defraud creditors, such gifts might be made by the husband to his wife.

The brief of appellant is directed almost entirely to the alleged fraudulent conveyances of the real estate.

It appears that the stock issued by the C. & S. Holding

Corporation for the conveyance to it of the real estate was returned to the treasury of the company, and, as consideration for such transfer of stock, the corporation executed and delivered to Mrs. Sample its mortgage for $85,000. The uncontradicted testimony is that this stock was sold by the corporation to various individuals who had no knowledge of the debt of Sample to the appellant, and who purchased the stock for a valuable consideration more than a year and a half before the bill in this case was filed. Some of the lands conveyed to the corporation, which represented, in part, the consideration for the mortgage, were the property of Mrs. Sample, in which Mr. Sample never had any interest.

In the situation presented, we think the vice-chancellor properly concluded that the complainant was not entitled to relief as against the C. & S. Holding Corporation.

There was no allegation in the bill of complaint as to the holding of the $85,000 mortgage by Mrs. Sample, nor was there any prayer for relief with respect to her holding same in consideration of the conveyance by her of the properties formerly owned by Mr. Sample. The prayer is that the conveyances may set aside, that the corporation may be decreed to hold the property for Mr. Sample, and that it may be sold as the property of Mr. Sample. Nor do we find any testimony from which it could be determined what part of said mortgage should be held as consideration for the lands admittedly Mrs. Sample's lands, and how much should be held to be in consideration of lands formerly belonging to Mr. Sample. The case was tried upon the theory of fraudulent conveyances, and, apparently, no effort was made to pursue the consideration for the conveyances into the hands of Mrs. Sample.

For the reasons given, the decree will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.